HARRIS, Guardianship, In re.

Ohio Appeals, Second District, Franklin County.

No. 4970.   Decided February 3, 1954.

Dale D. Rapp, Columbus, Guardian of Rhea W. Harris, for appellee.
Horace S. Kerr, Columbus, for Dr. William B. Harris, Appellant.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Probate Court appointing a guardian for the person and estate of one Rhea W. Harris, an incompetent person now confined in the state institution for the insane. The incompetency of the ward is admitted by the appellant, but he denies the necessity for the appointment, urging that there is nothing in the record which supports such a determination. Clearly, if the record supports the appellant's contention, there was an abuse of discretion and the judgment should be reversed in so far as it relates to the estate of the ward. Sec. 10507-2 GC provides that the Probate Court shall upon the application of an interested party appoint a guardian for the person or estate of an incompetent person who is a resident of the county when the same is found to be necessary.  The record discloses that an application was properly filed in the Probate Court alleging that said Rhea Harris was an incompetent person, possessed of personal property of the probable value of $2000.00, and interest in real property of the approximate value of $10,000.00; that after the application for a guardian was filed but before the appointment was made, the Court of Common Pleas, in a divorce action wherein said Rhea Harris was the defendant and represented by a guardian ad litem, appointed by the Court. although §2307.13 R. C. (§11249 GC), designates the same as a "trustee for the suit," granted a decree of divorce to the husband and in disposing of the

98

property rights, awarded him a three-fourths interest in the home which stood in the wife's name, and also awarded to him the remaining one-fourth interest, the same to be held in trust by him for said Rhea Harris under certain specified terms and conditions. She was awarded her clothing, jewelry and several pieces of furniture, all of which were to remain in the custody of the former husband until further order of the Court. This, it appears, disposed of all the property in which Rhea Harris had any interest.

The record also discloses that a prior divorce action between the same parties was dismissed several days before the above mentioned divorce action was instituted. In that proceeding a different guardian ad litem was appointed who refused to sign a judgment entry very similar to the one approved in the second case. Instead he objected most strenuously to the same and filed a motion to reconsider, after which the action was dismissed without prejudice at the plaintiff's request. Immediately after this dismissal the guardian ad litem in the first action filed the application for a guardian which is now being considered. It is apparent that there was a conflict between the guardians ad litem as to the proper procedure in the divorce actions, the one taking exceptions to the order of the Court, and the other, concurring.

In giving consideration to this factual situation and others presented in the record we cannot say that the Court abused its discretion in making the appointment. This being a law appeal we may not substitute our judgment for that of the trial court. The power is one which rests within the sound discretion of the Probate Court. **In re Guardianship of Wilson, 23 Oh Ap 390.**

We find no error in the record and the judgment will be affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.